UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CORI MUSTIN, as Guardian for HERMAN E. FANDEL, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>RALPH A. FANDEL, et al.,<br><br>Defendant(s). | Case No. 2:15-CV-1430 JCM (PAL)<br><br>ORDER |

Presently before the court is plaintiff Cori Mustin's ("plaintiff") motion for leave to amend the complaint. (ECF No. 22). Defendant Ralph A. Fandel ("defendant") filed a response. (ECF No. 20). Plaintiff filed a subsequent reply. (ECF No. 23).

Also before this court is defendant's motion to dismiss the original complaint. (ECF No. 15). Plaintiff filed a response to defendant's motion to dismiss. (ECF No. 20). Defendant filed a subsequent reply. (ECF No. 23).

## I.     Background

Husband and wife Herman E. Fandel ("H. Fandel") and Irene E. Fandel ("I. Fandel") purchased the property at 7824 Foxwood Place, Las Vegas, Nevada, ("the property") in 1996. (ECF No. 7 at 1). Soon after, the couple added their son and current defendant, Ralph A. Fandel as a joint tenant to the property. (*Id.* at 9). Since that time, I. Fandel passed away. (*Id.* at 19). H. Fandel and defendant now remain joint tenants of the property. (*Id.*).

Due to H. Fandel's declining health, plaintiff was appointed by an Alaskan court as guardian and conservator to H. Fandel's estate. (*Id.*). Plaintiff now seeks partition of the property for sale to a third-party purchaser to pay off H. Fandel's debt. (ECF No. 7).

**James C. Mahan**
**U.S. District Judge**

Plaintiff filed the verified first amended complaint in the Eighth Judicial District Court, Clark County, Nevada. (ECF No. 1-9). The complaint improperly named only H. Fandel as plaintiff despite Cori Mustin's appointment as guardian and conservator of the estate. (*Id.*). The case was then removed to the District Court of Nevada. (ECF No. 14).

Soon after, plaintiff filed a second amended complaint in this court on August 27, 2015. (ECF No. 7). In the second complaint, plaintiff was named as guardian only, not conservator. (*Id.*). Plaintiff now requests a third amended complaint to properly name plaintiff as guardian and conservator for the estate of H. Fandel. (ECF No. 22). The third amended complaint would also remove I. Fandel from the suit. (*Id.*).

**II.     Legal standard**

  *a) Motion to amend*

A party may amend a complaint once within twenty-one days of service without leave of the court. Amendments after twenty-one days "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id*. at 182.

  *b) Motion to dismiss*

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.   Discussion

Defendant's motion to dismiss argues (1) the complaint does not state the real parties in interest and (2) relief is precluded by an Alaskan court order requiring approval to sell the property. In response, plaintiff filed a motion to amend the complaint. The amended complaint would change plaintiff's title to conservator and guardian of H. Fandel's estate. Plaintiff responds that this change

**James C. Mahan**
**U.S. District Judge**

- 3 -

remedies defendant's "real party in interest" objection. Plaintiff further attests that relief is not precluded because the Alaskan court order does not prevent this court from ordering partition regardless of whether the court can order a sale. Defendant responds by arguing the amendment is unduly prejudicial and futile because this court cannot authorize partition.

This court addresses both the amendment and motion to dismiss. Plaintiff's requested amendment does not render moot the arguments in defendant's motion to dismiss. Thus, in the interest of judicial efficiency, this court considers both motions simultaneously.

  *a. Motion to amend*

Plaintiff's motion to amend seeks to list plaintiff as guardian and conservator of H. Fandel's estate. Plaintiff claims she is entitled to an amended complaint because the amendment is within twenty-one days of service to the defendant. (ECF No. 22). Plaintiff also argues that the amendment is in the interest of justice and will not unduly delay or prejudice the defendant. (*Id.*)

Defendant responds that plaintiff is not entitled to amendment because this is plaintiff's second amended complaint in federal court so leave to amend is required. Defendant further asserts that this court should not grant leave to amend because (1) the amendment causes undue delay, (2) there is repeated failure to cure deficiencies by previous amendment, and (3) the amendment is futile.

As a threshold matter, plaintiff is not entitled to amendment as a matter-of-course because plaintiff already chose that route for the "second amended complaint." (ECF No. 7). Once a party has invoked and used her right to amend the complaint, she must request leave to amend. FED. R. CIV. P. 15.

However, the purpose of pleading under the rules "is to facilitate a proper decision on the merits." *Breier v. Northern Cal. Bowling Propriertors Ass'n*, 316 F.2d 787, 789 (9th Cir. 1963). In the interest of justice, motions to amend the pleading should be granted with "extreme liberality." *U.S. v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Not all factors assessing whether to grant leave to amend bear equal weight, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capial, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

James C. Mahan
U.S. District Judge

The amendment seeks to name the correct parties as plaintiffs in light of the Alaskan court order, properly naming plaintiff as both guardian and conservator of H. Fandel's estate. This does not affect defendants' notice or preparation; it merely clarifies the rights and responsibilities of the plaintiff in the action. Given the nature of the amendment, the court finds that defendant will not be unduly prejudiced. (ECF No. 10). *See Komie v. Buehler Corp.*, 449 F.2d 644 (9th Cir. 1971) (finding prejudice because the amendment nullified an external agreement exempting the defendant from litigation).

Because defendant is not prejudiced by the amendment, the other facts must be shown as significantly damaging to the defendant in order to overcome the liberal amendment standard. *Webb,* 655 F.2d at 979. Defendant argues that the amendment causes undue delay because plaintiff should have properly amended the complaint previously. (ECF No. 22). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990). Since the amendment merely changes the plaintiff's title, the plaintiff knew, or should have known, the proper title for herself when she filed the first amended complaint. However, the error has not delayed litigation and plaintiff has attempted to remedy the error in a timely manner.

Finally, defendant argues the amendment is futile "as this court does not have the legal right to render a final order on the merits of plaintiff's complaint." (ECF No. 20 at 6). Both this motion as well as defendant's motion to dismiss assert that this court does not have jurisdiction because an Alaskan court authorized a conservatorship requiring court approval for real property sale. (ECF No. 15, 20) As a general rule, an amendment should not be barred as futile if the underlying facts "may be a proper subject of relief." *Breier*, 316 F.2d at 790 (9th Cir. 1963) (quoting *Alexander v. Pacific Maritime Ass'n*, 314 F.2d 690 (9th Cir. 1963).

The Alaska court order defines the rights and responsibilities of plaintiff as a guardian and conservator of H. Fandel. Guardianships typically require court approval for transfer or property to third parties. *See, e.g., Castlerock Estates, Inc. v. Estate of Markham*, 871 F.Supp 360 (N.D. Cal. 1994); *K.T. v. Ramos*, 2012 WL 443731 (D. Ariz. 2012) (finding that like many fiduciary duties, actions on the conservativee's estate and require court approval unless stated otherwise).

James C. Mahan
U.S. District Judge

- 5 -

Plaintiff must receive court approval prior to selling Fandel's assets. The order reads, "no real property shall be sold without court approval" it does not go so far as to require that only the Alaskan court may approve the sale. It is also firmly established that questions involving interests in immovable [real property] are governed by the law of the state where the property exists. *Oakley v. Bennett*, 52 U.S. 33 (1850).

Thus, the Alaskan court order does not restrict *this* court; it restricts what *the plaintiff* can do. Consistent with the Alaskan court order, this court has jurisdiction to authorize partition and sale of the property. A state court restricting sale through guardianship or conservatorship does not preclude a federal order authorizing its sale. *See Harris v. Bell*, 254 U.S. 103, 105 (1920) (finding a court of "similar or greater rank" may authorize sale of land when sale of real property under an estate guardianship requires court authorization.).

Regardless of whether this court orders a partition or sale of property, relief can be granted and the amended complaint is not futile because the Alaskan court order does not preclude this court from issuing a judgment on the merits in this case.

Therefore, plaintiff's request for an amended complaint is granted. The amendment does not unduly burden the defendant, delay the proceedings, and is not futile.

b. *Motion to dismiss*

Defendant moves to dismiss plaintiff's complaint based on the same arguments that (1) the plaintiffs are not the real parties in interest, and (2) the amendment would be futile. Plaintiff responds that the amended complaint corrects defendant's party-in-interest objection, and, even if exclusive jurisdiction to authorize sale resides with the Alaskan courts, this court is able to grant declaratory judgment for partition.

Plaintiff adequately pleads she is the real party in interest in the deposed third amended complaint. She presents a deed listing Herman E. Fandel and defendant as joint tenants. (ECF No. 19-1). Defendant submits a court order listing plaintiff as the conservator of the estate of H. Fandel. (ECF No. 15-1). Therefore, the real party-in-interest to the property is properly pled. The court addressed the substantive claim in his motion to dismiss when granting plaintiff's leave to amend. Accordingly, defendant's motion to dismiss is denied.

**James C. Mahan**
**U.S. District Judge**

- 6 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for leave to amend the complaint (ECF No. 22) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall file and serve the amended complaint upon defendants within three (3) days of this order.

IT IS HEREBY FURTHER ORDERED that defendant's motion to dismiss (ECF No. 15) be, and the same hereby is, DENIED.

DATED July 5, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**